**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS**

| | |
|---|---|
| U.S. CREDIT, INC.,<br><br>*Plaintiff*,<br><br>v.<br><br>AMERICAN FIDUCIARY SERVICES, LLC, FIRST & PEOPLES BANK AND TRUST COMPANY, and GEORGIA'S OWN CREDIT UNION,<br><br>*Defendants*. | Case No. 1:23-cv-13237-WGY |

**DEFENDANTS' MEMORANDUM OF LAW IN SUPPORT OF MOTION TO DISMISS
U.S. CREDIT, INC.'S COMPLAINT, OR, ALTERNATIVELY, STAY THIS ACTION**

**TABLE OF CONTENTS**

I.   RELEVANT FACTUAL AND PROCEDURAL BACKGROUND ..................................... 2

II.  ARGUMENT................................................................................................................... 4

  A.   This Court should dismiss this case pursuant to the forum selection clause. ...................... 4

  B.   Alternatively, the Court should abstain from taking this case because of the concurrent pending Kentucky Litigation. ................................................................................................. 8

    1.   The Court should abstain from exercising jurisdiction pursuant to *Colorado River*. ...... 8

    2.   *Pennzoil Company* and *Kercado-Melendez* also support abstention. ............................ 11

  C.   This Court lacks personal jurisdiction over the Defendants. ............................................. 12

    1.   This Court does not have general jurisdiction over any of the Defendants. .................. 13

    2.   None of the Defendants are subject to specific personal jurisdiction. ........................... 13

III. CONCLUSION............................................................................................................. 14

# **TABLE OF AUTHORITIES**

**Cases**

*AIG Prop. Cas. Co. v. Green*,
    172 F. Supp. 3d 468 (D. Mass. 2016) .................................................................................. 13

*American Int'l Underwriters (Philippines, Inc.) v. Continental Ins. Co.*,
    843 F.2d 1253 (9th Cir. 1988) .............................................................................................. 10

*Atl. Marine Constr. Co. v. United States Dist. Court for W. Dist. of Texas*,
    571 U.S. 49 (2013) ................................................................................................................. 6

*Baby Furniture Warehouse Store, Inc. v. Meubles D&F Ltee*,
    75 Mass. App. Ct. 27 (2009) ................................................................................................. 5

*Boland v. George S. May Int'l. Co.*,
    81 Mass. App. Ct. 817 (2012) ............................................................................................... 5

*Bristol-Myers Squibb Co. v. Super. Ct. of Cal., San Francisco Cty.*,
    582 U.S. 255 (2017) ........................................................................................................ 12, 13

*Burger King Corp. v. Rudzewicz*,
    471 U. S. 462 (1985) ............................................................................................................ 14

*Carter's of New Bedford, Inc. v. Nike, Inc.*,
    790 F.3d 289 (1st Cir. 2015) .................................................................................................. 7

*CDM Smith Inc. v. Atasi*,
    594 F. Supp. 3d 246 (D. Mass. 2022) ................................................................................. 6, 7

*Claudio-De Leon v. Sistema Universitario Ana G. Mendez*,
    775 F.3d 41 (1st Cir. P.R. 2014) .......................................................................................... 5, 6

*Colorado River Water Conservation Dist. v. United States*,
    424 U.S. 800 (1976) ..................................................................................................... 1, 8, 9

*Daimler AG v. Bauman*,
    571 U.S. 117 (2014) ............................................................................................................. 13

*General Reinsurance Corp. v. Ciba-Geigy Corp.*,
    853 F.2d 78 (2d Cir. 1988) .................................................................................................. 11

*Goodyear Dunlop Tires Operations, S. A. v. Brown*,
    564 U.S. 915 (2011) ............................................................................................................. 13

*Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*,
    456 U.S. 694 (1982) ............................................................................................................. 12

*Iragorri v. Int'l Elevator, Inc.*,
    203 F.3d 8 (1st Cir. 2000) ..................................................................................................... 5

*Karty v. Mid-America Energy, Inc.*,
    74 Mass. App. Ct. 25 (2009) ................................................................................................. 5

*Kercado-Melendez v. Aponte-Roque*,
   829 F.2d 255 (1st Cir. P.R. 1987),
   *cert. denied*, 486 U.S. 1044 (1988) .......................................................................... 12

*M/S Bremen v. Zapata Off-Shore Co.*,
   407 U.S. 1 (1972) ......................................................................................................... 7

*Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*,
   460 U.S. 1 (1983) ............................................................................................... 8, 9, 11

*New Beckley Mining Corp. v. International Union UMWA*,
   946 F.2d 1072 (4th Cir. 1991) ..................................................................................... 8

*Pennzoil Co. v. Texaco, Inc.*,
   481 U.S. 1 (1987) ............................................................................................. 1, 11, 12

*Rivera v. Centro Medico de Turabo, Inc.*,
   575 F.3d 10 (1st Cir. P.R. 2009) ............................................................................. 5, 6

*Shepherd Intel. Sys., Inc. v. Def. Techs., Inc.*,
   702 F. Supp. 365 (D. Mass. 1988) ............................................................................ 12

*Walden v. Fiore*,
   571 U.S. 277 (2014) .................................................................................................. 14

## Statutes

28 U.S.C. § 1332 ................................................................................................................ 13

KRS 425.600(1) ................................................................................................................... 4

## Other Authorities

14D Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and
   Procedure § 3803.1 (3d ed. 1998) ............................................................................... 6

Plaintiff U.S. Credit, Inc. ("USCI") seeks relief from the appointment of a receiver in a case pending in Kentucky state court concerning loans issued under agreements governed by a Kentucky forum selection clause. USCI's months-long failure to pay money owed Defendants First & Peoples Bank and Trust Company ("FPB") and Georgia's Own Credit Union ("GOCU")—or even to produce documents explaining that failure—led a Kentucky court to appoint a receiver over USCI. That decision, which came after a full-blown evidentiary hearing in which USCI participated thoroughly and cross-examined witnesses, is now part of USCI's appeal pending at the Kentucky state appeals court, where it belongs. USCI, however, dissatisfied with early results from that ongoing litigation, impermissibly forum-shopped and filed duplicative litigation in Massachusetts state court, a jurisdiction with no ties to the actual dispute.

Defendants removed that duplicative action, which should be dismissed or stayed for three primary reasons. ***First***, the parties' "exclusive" forum selection clause requiring that "any dispute arising out of or relating to" the relevant agreement would occur only in Kentucky provides strong grounds for dismissal under forum non conveniens. ***Second***, abstention under *Colorado River* and *Pennzoil* justifies dismissing or staying this case in favor of the first-filed, pending Kentucky state court action. ***Third***, this Court lacks personal jurisdiction over Defendants.

This is not a dispute with a clean slate. This is part of USCI's ongoing efforts to delay, obfuscate, and prevent the court-appointed receiver from doing its court-appointed job. Indeed, USCI has still not given the receiver the essential accounting documents. This is highly prejudicial because every day the funds remain missing and unexplained increases the risks for, and harm to, FPB and GOCU. Letting USCI proceed with this duplicative case would waste the Court's and the parties' resources and impede progress toward the reasonable goal of finding out where the money went and how the injured parties can be paid. Rather than allow for multiple proceedings

1

in this straightforward dispute, the Court should dismiss or stay this action in favor of the first-filed, ongoing Kentucky case.

## I. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On August 18, 2023,[1] FPB sued USCI in the Greenup Circuit Court, Commonwealth of Kentucky (the "Kentucky Litigation"), asserting claims related to USCI's failure to pay money due and owing to FPB pursuant to a Program Management and Administrative Services Agreement between FPB and USCI. (ECF No. 1-2 ¶14). FPB simultaneously filed a Motion for Temporary Restraining Order, which the court granted. (*Id.* at ¶16). The TRO entered by the Kentucky court prohibited USCI from dissipating or distributing assets owned by or owed to FPB. (*Id.* at ¶17). USCI has not challenged the validity of the TRO or the Kentucky court's jurisdiction over it; to the contrary, USCI claims to be complying with the Restraining Order.[2]

On December 7, 2023, FPB filed a Verified Motion for Immediate Appointment of a Receiver in the Kentucky Litigation seeking the appointment of a receiver over all assets of USCI (the "Receiver Motion"). (ECF No. 1-2 ¶23). At a December 14, 2023 hearing on the Receiver Motion, the Kentucky court, before ruling on the motion, provided USCI an opportunity to submit evidence that the funds at issue were in a segregated account.[3] (*Id.* at ¶28). USCI was unable to produce documentation that satisfied FPB's concerns, and the Court held an evidentiary hearing on the Receiver Motion on December 18, 2023. (*Id.* at ¶35). FPB and GOCU presented evidence

---

[1] USCI's Complaint erroneously lists this date as August 8, 2023.
[2] "A temporary restraining order remains in full force and effect in that action, pursuant to which USCI is prohibited from distributing or dissipating assets owned by or owed to [FPB]. **USCI has been** at all times relevant hereto **in full compliance with the temporary restraining order**." USCI's Emerg. Mot. for Prelim. Inj., [ECF No. 3], CAFN: 1:23-CV-13237-WGY. (emphasis added.)
[3] FPB filed a First Amended Verified Complaint adding GOCU as a party to the Kentucky Litigation on December 6, 2023. Despite not having yet been served, counsel for GOCU appeared at the hearing to ensure its interests, including voicing USCI's breach of obligations to GOCU, were heard.

2

and testimony as to the money owed to them by USCI and the grounds for the Kentucky court to appoint a receiver over USCI's assets, and USCI participated in the hearing by cross-examining witnesses and presenting argument. At the December 18 hearing, the court orally announced its decision to grant the Receiver Motion and appoint a receiver over USCI's assets, and on December 19, 2023, the Kentucky court entered the Receiver Order. (ECF No. 1-2, Ex. 1 thereto).

In the Receiver Order, the Kentucky court found that it has subject matter jurisdiction over the claims, has personal jurisdiction over USCI, and "[v]enue properly lies with [the Kentucky court] pursuant to the agreement of First & Peoples Bank and U.S. Credit, Inc. and KRS 452.480",[4] as well as statutory grounds. (ECF No. 1-2, Ex. 1 thereto ¶¶ 1-3.) The Court further detailed the factual findings upon which the receiver appointment is based, finding, *inter alia*, that "the evidence establishes that by reason of U.S. Credit's actions, the loan proceeds, loans, and loan portfolios and moneys in which First & Peoples Bank and Georgia's own have interests and ownership are in imminent and immediate danger of being wrongfully utilized, assigned, dissipated, and/or converted by the actions of U.S. Credit, thereby creating an imminent risk of irreparable harm to First & peoples Bank and Georgia's Own." (*Id.* at ¶ 4.) The Receiver Order appointed and designated American Fiduciary Services, LLC (the "Receiver") as the Receiver and granted the Receiver all powers necessary and customary to possess and protect the assets until resolution of the Kentucky Litigation, which includes without limitation the powers to take possession of, manage, protect, and operate the assets of USCI and administer the assets for the benefits of all creditors of USCI. (*Id.* at ¶ 7).

---

[4] Pursuant to paragraph 12 of the Program Management and Administrative Services Agreement between FPB and USCI, the parties agreed that the exclusive jurisdiction and venue for disputes between the parties would be in any court in Kentucky. To date, USCI has not challenged the validity of this forum selection clause. A true and correct copy of the Program Management and Administrative Services Agreement is attached to the Declaration of Robert R. Sorrell filed herewith ("Sorrell Declaration") as Exhibit 1 thereto.

Under Kentucky law, a Receiver Order is a final appealable order. KRS 425.600(1). Accordingly, on December 21, 2023, USCI filed a Notice of Appeal of the Receiver Order in the Kentucky Litigation (the "Appeal Notice"). (ECF No. 1-2 ¶42). Despite USCI's filing of the Notice of Appeal in the Kentucky Litigation, thereby preserving its ability to challenge all aspects of the Receiver Order, USCI initiated this action in Massachusetts state court on December 26, 2023, challenging entry of the Receiver Order. USCI's Complaint sought to have a Massachusetts state court supplant its judgment for that of the Kentucky court by entering an order enjoining the parties from acting pursuant to the lawful order of another court and declaring the Receiver Order void *ab initio*. (*See* ECF No. 1-2 ¶¶ 2-3.) On December 29, 2023, the Receiver removed the proceeding to this Court, with the consent of all Defendants. USCI now asks this Court to do the same, supplant its judgment for that of the Kentucky state court by declaring the lawfully entered Receiver Order void *ab initio.*

Since at least the December 18, 2023 hearing on the Receiver Motion in the Kentucky Litigation, USCI's efforts have concentrated on hindering, delaying, and stalling the Defendants and the Receiver from receiving the information, access, and control necessary for the Receiver to comply with the Receiver Order and to protect the assets of USCI, including those owed to FPB, GOCU, and any other creditor. The filing of this action is nothing more than an improper attempt by USCI to forum shop and effect a concurrent and second appellate review of the Receiver Order.

## II. ARGUMENT

A. **This Court should dismiss this case pursuant to the forum selection clause.**

As discussed above, the Kentucky Litigation directly and indisputably arises from the August 3, 2020 Program Management and Administrative Services Agreement entered into between FPB and USCI. That Agreement provides as follows:

> 12. Governing Law/Jurisdiction and Venue.  This Agreement <u>shall</u> be construed in accordance with the laws of the Commonwealth of Kentucky, without resort to its conflict of laws rules.  [USCI] and [FPB] agree and consent to the <u>exclusive</u> jurisdiction and venue of any state or federal court located within Kentucky for <u>all</u> purposes in connection with <u>any</u> dispute arising out of or relating to this Agreement.

Sorrell Decl., Ex. 1 thereto at pp. 4-5 (emphasis added).  In compliance with this provision of the Agreement, FPB instituted the Kentucky Litigation in an appropriate venue and jurisdiction, the Greenup Circuit Court.  Despite this provision and the pending Kentucky Litigation, USCI now impermissibly seeks to have this matter heard in Massachusetts.  This Court should reject this attempt, and dismiss this matter under the doctrine of forum non conveniens—a doctrine that operates powerfully in state court as well, where USCI initially sought to pursue this action  *See Karty v. Mid-America Energy, Inc.*, 74 Mass. App. Ct. 25, 25 (2009) (affirming state-court dismissal of a complaint pursuant to a forum selection clause which required the parties to resolve disputes in Kentucky); *Boland v. George S. May Int'l. Co.*, 81 Mass. App. Ct. 817 (2012) (Massachusetts law regards forum selection clauses as presumptively valid and enforceable); *Baby Furniture Warehouse Store, Inc. v. Meubles D&F Ltee*, 75 Mass. App. Ct. 27, 27-28 (2009) (affirming dismissal of complaint based on forum selection clause).

     A motion to dismiss based on a forum selection clause is treated as a motion to dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6).  *Rivera v. Centro Medico de Turabo, Inc.*, 575 F.3d 10, 15 (1st Cir. P.R. 2009); see also *Claudio-De Leon v. Sistema Universitario Ana G. Mendez*, 775 F.3d 41, 46 (1st Cir. P.R. 2014).  Generally, a defendant moving for dismissal based on forum non conveniens is required to show that both an adequate forum exists for the matter, and that judicial efficiency and convenience strongly favor litigating the claim in the alternative forum. *Iragorri v. Int'l Elevator, Inc.*, 203 F.3d 8, 12 (1st Cir. 2000).  Here, both factors favor Kentucky, where the loans and the parties are located, and the case has proceeded in the

5

ordinary course. But in any event, a valid forum selection clause, such as the one between FPB and USCI, alters that requirement "because the enforcement of bargained for provisions protects the parties' legitimate expectations and furthers the interests of justice; thus a valid forum-selection clause [should be] given controlling weight in all but the most exceptional cases." *CDM Smith Inc. v. Atasi*, 594 F. Supp. 3d 246, 260 (D. Mass. 2022) (internal quotations omitted). "The enforcement of valid forum-selection clauses, bargained for by the parties, protects their legitimate expectations and furthers vital interests of the justice system" and the plaintiff's choice of forum "merits no weight[.]" *Atl. Marine Constr. Co. v. United States Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 63 (2013).

The threshold question in interpreting a forum selection clause is whether the clause is mandatory or permissive. A "mandatory forum selection clause[] contain[s] clear language indicating that jurisdiction and venue are appropriate exclusively in the designated forum.'" *Rivera* 575 F.3d at 17 (emphasis added) (quoting 14D Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3803.1 (3d ed. 1998)). Here, the forum selection clause agreed to by USCI and FPB is clearly exclusive and GOCU's involvement in the Kentucky Litigation is related to the dispute between FPB and USCI that is the subject of the Kentucky Litigation. The Agreement gives courts located in Kentucky the "exclusive jurisdiction and venue" for said disputes.

"The next step in evaluating the applicability of a forum selection clause is ascertaining its scope." *Claudio-De Leon*, 775 F.3d at 47. The analysis of the scope is clause-specific, so a court must determine whether the alleged claim falls under the scope of the forum selection clause. *Id.* Here, the forum selection clause provides that Kentucky courts will have jurisdiction for "all purposes in connection with any dispute arising out of or relating to this Agreement." (Sorrell

6

Decl., Ex. 1 thereto, pp. 4-5). The Receiver Order falls directly in the "any dispute" language as contemplated by the Agreement. *See CDM Smith Inc.*, 594 F. Supp. 3d at 261 (concluding that the use of "any dispute" language covered by any claims related to the parties' contract). Accordingly, the forum selection clause at issue is mandatory, the scope covers USCI's claims in the matter before this Court, and dismissal is warranted.

Moreover, USCI has demonstrated its ability to litigate in the selected forum, as it was only *after* it received an unfavorable opinion in Kentucky did it seek to file in Massachusetts. USCI has never argued in the Kentucky Litigation the Kentucky forum was inappropriate, and USCI can point to no reason why that would be the case.

USCI may attempt to assert that the forum selection clause is unenforceable. However, Courts must enforce forum selection clauses "absent a strong showing that it should be set aside." *M/S Bremen v. Zapata Off-Shore Co.*, 407 U.S. 1, 15 (1972). This requires a showing that:

> (1) the clause is the product of fraud or overreaching; (2) enforcement is unreasonable and unjust; (3) its enforcement would render the proceedings gravely difficult and inconvenient to the point of practical impossibility; or (4) enforcement contravenes a strong public policy of the forum in which suit is brought, whether declared by statute or judicial decision.

*Carter's of New Bedford, Inc. v. Nike, Inc.*, 790 F.3d 289, 292 (1st Cir. 2015) (internal quotations omitted). USCI will be unable to show *any* of these factors are present here and the forum selection clause is enforceable.

Simply put, there is no evidence or assertion that the Agreement between USCI and FPB was the product of fraud or that its enforcement is unreasonable and unjust. Indeed, this is a deal between two sophisticated commercial entities, and USCI purposefully availed itself to solicit the business of FPB.

USCI and FPB entered into a valid, enforceable, and exclusive forum selection clause that mandates this matter be dismissed on the doctrine of forum non conveniens.

**B.     Alternatively, the Court should abstain from taking this case because of the concurrent pending Kentucky Litigation.**

This Court should decline to exercise subject matter jurisdiction over USCI's claims under abstention principles established by the United States Supreme Court.

**1. The Court should abstain from exercising jurisdiction pursuant to *Colorado River*.**

Under *Colorado River* abstention, where concurrent state and federal litigation arise out of the same subject matter, a federal district court may dismiss or stay the federal proceeding to facilitate "wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." *Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 15 (1983) (internal punctuation omitted).

The threshold inquiry when *Colorado River* abstention is considered is whether the state action and the instant federal action are concurrent or parallel such as to render the consideration of possible abstention appropriate. *See Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976). Suits are parallel if substantially the same parties litigate substantially the same issues in different forums. *New Beckley Mining Corp. v. International Union UMWA*, 946 F.2d 1072, 1073 (4th Cir. 1991). The Kentucky Litigation and USCI's claims presently before the Court are indisputably parallel, concurrent, and congruent. All the essential parties in the action before this Court are also parties to the Kentucky Litigation or were appointed by the Kentucky court. Additionally, USCI's claims in the present action are all related to events occurring in the Kentucky Litigation, including the entry of the Receiver Order, which USCI has already also appealed in the Kentucky Court of Appeals. This action is nothing other than USCI attempting to litigate their appeal of the Receiver Order in a second forum, despite having already fully

8

participated in and submitted to the jurisdiction of the Kentucky court in the Kentucky Litigation. Because this action and the Kentucky Litigation are clearly parallel and concurrent, an analysis of the *Colorado River* abstention factors is warranted, and the application of those factors presents "the clearest of justifications [to] warrant dismissal." *Colorado River*, 424 U.S. at 818-19.

Specifically, in determining whether to abstain under *Colorado River*, courts consider: (1) assumption of jurisdiction by either court over any property; (2) the inconvenience of the federal forum; (3) the avoidance of piecemeal litigation; (4) the order in which jurisdiction was obtained; (5) whether state or federal law supplies the rule of decision; and (6) whether the state court proceeding will adequately protect the rights of the party seeking to invoke federal jurisdiction. *See Moses H. Cone*, 460 U.S. at 19-26.

The first factor—whether either court has assumed jurisdiction over property—here supports abstention. *Colorado River* requires "that jurisdiction be yielded to the court first acquiring control of property, for the concern in such instances is with avoiding the generation of additional litigation through permitting inconsistent dispositions of property." *Colorado River*, 424 U.S. at 819. By entering the Receiver Order, the Kentucky court acquired control of the assets of USCI. Thus, the generation of additional litigation which could permit inconsistent disposition of USCI's assets requires that jurisdiction should be yielded to the Kentucky courts where the parties are already dealing with these specific issues, as further demonstrated by USCI's pending appeal in Kentucky.

The second factor—the inconvenience of the federal forum—also weighs in favor of abstention. All parties to the litigation before this Court have already engaged representation in Kentucky. Having to retain and pay for local counsel in two jurisdictions inconveniences all Defendants and creates an unnecessary and duplicative expense of recourses. Moreover, USCI

9

has direct connections with Kentucky through its solicitation of business there, and it expressly agreed that Kentucky was the appropriate forum for its disputes with FPB. USCI cannot pivot now—after receiving an adverse ruling in Kentucky—by asserting that Massachusetts is the most convenient location when the realities to date show otherwise. Thus, inconvenience of forum in Massachusetts also weighs in favor of this Court abstaining from exercising jurisdiction over USCI's matter.

The third factor—potential for piecemeal litigation—also favors abstention. The danger of piecemeal litigation "occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." *American Int'l Underwriters (Philippines, Inc.) v. Continental Ins. Co.*, 843 F.2d 1253, 1258 (9th Cir. 1988). As the Kentucky Litigation and the matters before this Court are inextricably interwoven, issues and decisions will be duplicated between the two jurisdictions, which may ultimately lead to different factual and legal conclusions. Different outcomes in different jurisdictions will only create additional, costly headaches forcing the parties to discern how to comply with (or in USCI's case, avoid) differing orders by differing jurisdictions. Abstention precludes these duplicative results and piecemeal litigation.

The fourth factor—the order in which the varying matters were initiated—also favors abstention. The Kentucky Litigation was initiated over four months before the present action was initiated by USCI, and USCI has been on notice of the Kentucky Litigation since August 2023.

The fifth factor—whether federal or state law governs the issues—indisputably weighs in favor of abstention. The underlying issues in the Kentucky Litigation all concern allegations of breaches of state law, not federal law, and the Kentucky court's appointment of a receiver is a matter of Kentucky law. (See ECF No. 1-2, Ex. 1 thereto ¶ 4). The lack of federal issues is yet

another factor in favor of abstention. *General Reinsurance Corp. v. Ciba-Geigy Corp.*, 853 F.2d 78, 82 (2d Cir. 1988).

The final factor —whether the state court proceeding will adequately protect the rights of the party seeking to invoke federal jurisdiction—also supports jurisdiction. The Kentucky Litigation will adequately protect the rights of USCI and in any event, USCI did not even seek to invoke federal jurisdiction—USCI filed in Massachusetts state court, and FPB and GOCU removed—so USCI cannot now be heard to decry its lack of opportunity to proceed in a forum it never sought. There is no reason to believe that the Kentucky courts will not fully and fairly adjudicate USCI's concerns regarding the Receiver Order. USCI has been given a full opportunity to be heard in the Kentucky courts, and it has taken advantage of its right to an appeal. If USCI continues to be allegedly aggrieved by the appellate courts of Kentucky, it may continue its appeals ultimately to the United States Supreme Court.

Finally, the fact that USCI only filed its Massachusetts action in response to an unfavorable ruling in Kentucky demonstrates the need for abstention. When considering whether to abstain from exercising jurisdiction, Courts can—and should—consider "the vexatious or reactive nature of either the federal or the state litigation." *Moses H. Cone*, 460 U.S. at 17, n.20. As is clear from USCI's Complaint, USCI filed this action in direct reaction to the entry of the Receiver Order in the Kentucky Litigation. USCI has filed this reactive additional litigation in Massachusetts hoping to find a more favorable forum in which to frustrate the attempts of FPB and GOCU to recover and protect funds they are owed.

### 2. *Pennzoil Company* and *Kercado-Melendez* also support abstention.

Federal Courts should avoid entering injunctions that interfere with the execution of a state judgment in pending state court proceedings. *Pennzoil Co. v. Texaco, Inc.*, 481 U.S. 1, 13-14 (1987). "[T]he Supreme Court has invoked the abstention doctrine to overturn federal court

11

challenges to the constitutionality of pending state civil proceedings." *Kercado-Melendez v. Aponte-Roque*, 829 F.2d 255, 258 (1st Cir. P.R. 1987) (citing *Pennzoil Co.*, 481 U.S. at 1), *cert. denied*, 486 U.S. 1044 (1988).

> Those cases featured federal plaintiffs who had lodged broad constitutional attacks on the legitimacy of state civil proceedings instituted against them. In each case, the federal court was asked to enjoin a contemporaneous state civil proceeding pending against the federal plaintiff; the relief sought by the federal plaintiff was directed specifically at the pending state proceeding.

*Kercado-Melendez*, 829 F.2d at 258. Here, USCI has leveled a constitutional attack on the Receiver Order by arguing the order violates USCI's procedural due process rights under the Constitution and also asks that this Court enjoin enforcement of the Receiver Order. Thus, abstention under the analysis provided in *Pennzoil* is warranted and this Court should abstain from exercising jurisdiction. *See Pennzoil Co.*, 481 U.S. at 17-18 (the federal district court should have dismissed the matter on principles of comity to the pending state proceedings in Texas as the plaintiff lodged a constitutional attack on, and enjoin, a pending state court proceeding); *compare with Shepherd Intel. Sys., Inc. v. Def. Techs., Inc.*, 702 F. Supp. 365, 368 (D. Mass. 1988) (federal plaintiffs did not make any constitutional attack on the state court proceedings nor asked the court to enjoin those proceedings so extension of *Younger-Pennzoil* doctrine was not warranted).

**C.     This Court lacks personal jurisdiction over the Defendants.**

For a court to exercise its authority over a defendant, due process demands that the court have personal jurisdiction over the defendant. *Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982). This lack of either general or personal jurisdiction reinforces the arguments above as to why the Court should abstain from exercising subject matter jurisdiction in this Kentucky-centered case. *See Bristol-Myers Squibb Co. v. Super. Ct. of Cal., San Francisco Cty.*, 582 U.S. 255, 255 (2017).

1. **This Court does not have general jurisdiction over any of the Defendants.**

General jurisdiction exists only when the defendant is "at home" in that forum. *Daimler AG v. Bauman*, 571 U.S. 117, 127 (2014). "For general jurisdiction, the 'paradigm forum' is an 'individual's domicile,' or, for corporations, 'an equivalent place, one in which the corporation is fairly regarded as at home.'" *Bristol-Myers Squibb Co.*, 582 U.S. at 255-56 (quoting *Goodyear Dunlop Tires Operations, S. A. v. Brown*, 564 U.S. 915, 924 (2011)). "A corporation is a citizen of both its state of incorporation and the state where it has its principal place of business." *AIG Prop. Cas. Co. v. Green*, 172 F. Supp. 3d 468, 474 (D. Mass. 2016) (citing 28 U.S.C. § 1332(c)(1)). Although the examples are not exclusive, they indicate how substantial a defendant's contacts must be before that defendant can be sued about anything in a forum. *Daimler AG*, 571 U.S. at 138.

Defendant FPB is a banking corporation organized under the laws of the Commonwealth of Kentucky. (ECF No. 1-2 ¶ 6; ECF No. 1-10). FPB has its principal place of business in Russell, Kentucky, and operates neither branches nor other offices in Massachusetts. (ECF No. 1-2 ¶ 6; ECF No. 1-10). Accordingly, FPB is a citizen of Kentucky and is subject to general jurisdiction in Kentucky, not in Massachusetts.

Defendant GOCU is a credit union organized under the laws of Georgia (ECF No. 1-2 ¶ 7; ECF No. 1-11). GOCU has a principal place of business in Atlanta, Georgia and does not operate any branches or offices in Massachusetts. (ECF No. 1-2 ¶ 7; ECF No. 1-11). Accordingly, GOCU is domiciled in Georgia and is not subject to general jurisdiction in Massachusetts courts.

2. **None of the Defendants are subject to specific personal jurisdiction.**

Specific jurisdiction "requires 'the suit' to 'arise out of or relate to the defendant's contacts with the forum.'" *Bristol-Myers Squibb Co.*, 582 U.S. at 256 (quoting *Daimler AG*, 571 U.S. at 127) (internal alterations omitted). Whether "specific" jurisdiction exists "focuses on the relationship among the defendant, the forum, and the litigation." *Walden v. Fiore*, 571 U.S. 277,

284 (2014) (internal quotation mark omitted).  As this Court does not have general jurisdiction over any of the Defendants in this case, there must be specific jurisdiction over Defendants for the Court to have personal jurisdiction over Defendants.  To establish specific jurisdiction, first, the "relationship must arise out of contacts that the 'defendant *himself*' creates with the forum." *Id.* at 277 (emphasis in original) (quoting *Burger King Corp. v. Rudzewicz*, 471 U. S. 462, 475 (1985).  Second, the relationship "must be analyzed with regard to the defendant's contacts with the forum itself, not with persons residing there. The plaintiff cannot be the only link between the defendant and the forum." *Id.* (internal citations omitted).

USCI's claims against FPB and GOCU do not relate in any manner to any contact FPB or GOCU has had with Massachusetts.  Rather, this case is nothing more than an appeal of an adverse ruling against USCI in Kentucky state court.  All claims against FPB and GOCU are expressly related to FPB and GOCU's involvement in the Kentucky Litigation, the December 18 Hearing on the Receivership Motion, and the Receiver Order. (See ECF No. 1-2 ¶¶ 1-3, 23-42, 44-48, 51-54).  Actions taken in Kentucky, on a contract mandating litigation exclusively in Kentucky, cannot establish specific jurisdiction in Massachusetts.

### III.  CONCLUSION

WHEREFORE, for the reasons stated above, Defendants First & Peoples Bank and Trust Company, and Georgia's Own Credit Union respectfully request that the Court dismiss U.S. Credit, Inc.'s Complaint for lack of jurisdiction.

Dated: January 8, 2024

Respectfully submitted

| | |
|---|---|
| */s/ Callan G. Stein* | */s/ Adam S. Gershenson* |
| Callan G. Stein, BBO# 670569 | Adam S. Gershenson, BBO No. 671296 |
| TROUTMAN PEPPER HAMILTON SANDERS LLP | Dane Voris, BBO No. 704263 |
| | COOLEY LLP |
| 125 High Street | 500 Boylston Street |
| 19th Floor, High Street Tower | 14th Floor |
| Boston, MA 02110 | Boston, MA  02116-3736 |
| Tel: 617.204.5100 | Telephone:    +1 617 937 2300 |
| Fax: 617.204.5150 | Facsimile:     +1 617 937 2400 |
| E-mail: callan.stein@troutman.com | agershenson@cooley.com |
| | dvoris@cooley.com |
| *Counsel for Defendant First & Peoples Bank and Trust Company* | |
| | William Collins, Jr. (*pro hac vice*) |
| | Grace B. Callanan (*pro hac vice*) |
| | Burr & Forman LLP |
| | 1075 Peachtree Street NE, Suite 3000 |
| | Atlanta, Georgia 30309 |
| | Telephone:    +1 404 685 4266 |
| | Facsimile:     +1 404 214 7385 |
| | wcollins@burr.com |
| | gcallanan@burr.com |
| | |
| | *Counsel for Defendant Georgia's Own Credit Union* |

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that on this 8th day of January, 2024, the foregoing document was filed through the ECF system and will be sent electronically to the registered participants on the Notice of Electronic Filing and paper copies will be sent to any non-registered participants.

/s/ *Adam S. Gershenson*
Adam S. Gershenson